UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRAVIS NUTSCH, | Case No. 2:23-CV-1101 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is defendants Las Vegas Metropolitan Police Department ("LVMPD"), Officer Timothy Nye, Officer George Ajam, and Officer Gene Wolfanger (collectively "defendants")'s motion for partial dismissal of plaintiff Travis Nutsch ("plaintiff")'s complaint.  (ECF No. 4).  Plaintiff filed a response (ECF No. 14), to which defendants replied (ECF No. 5).

I.  **Background**

This action arises from five specific altercations between plaintiff, who performs as a cellist on the pedestrian walkways on the Las Vegas Strip, and defendants.  Plaintiff first alleges that on May 2-3, 2022, unnamed LVMPD officers approached him while he was playing the cello on the sidewalk next to the property formerly known as Bally's.  (ECF No. 1 at 15).  The officers did not arrest plaintiff, but told him to gather his equipment and leave the area.  (*Id.* at 15-16).  A similar incident at the same location occurred on May 3-4, 2022, and plaintiff was neither arrested nor issued a citation.  (*Id.* at 16).

**James C. Mahan**
**U.S. District Judge**

On May 13, 2022, plaintiff was issued a citation while performing at the same location for violating Clark Code County ("CCC") § 16.11.070, which prevents obstructive uses of public sidewalks. (*Id.* at 17). Plaintiff was not arrested, and the state did not prosecute the citation. (*Id.*).

Plaintiff was staging his routine with another cellist on June 2, 2022, adjacent to MGM Park when LVMPD officers told them to leave the area because they were taking up too much space with their belongings. (*Id.* at 17-18). Again, defendant was neither arrested nor issued a citation. (*Id.* at 18).

Finally, on June 8, 2022, plaintiff was engaging in a street performance near the Sugar Factory on East Harmon Avenue when two officers issued him a citation for storing materials on a public sidewalk in an alleged violation of CCC § 16.11.070. (*Id.* at 18-19). Plaintiff alleges that the officers unlawfully seized many of his belongings, such as his speaker, wagon, and stool, none of which he has received back from LVMPD. (*Id.* at 19). The state did not prosecute the citation. (*Id.*).

Plaintiff filed his complaint against defendants on July 14, 2023, alleging various 42 U.S.C. § 1983 claims; negligent training, supervision, and retention; malicious prosecution; and conversion. (*Id.* at 20-35).[1] Defendants filed the instant motion seeking partial dismissal of plaintiff's complaint, arguing that his cause of action for negligent training, supervision, and retention fails to state a claim fails to state a claim upon which relief may be granted. (ECF No. 4).

. . .

. . .

---

[1] Although defendant LVMPD and the named officers filed the instant motion, the claim they seek to dismiss is asserted against defendant LVMPD only.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pleaded complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

When the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  Additionally, when the allegations in a complaint have not

**James C. Mahan**
**U.S. District Judge**

crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks omitted).

**III. Discussion**

A. Procedural posture

This case presents a peculiar procedural issue. After plaintiff filed his reply to defendants' motion, he filed an amended complaint. (ECF No. 18). The amended complaint is identical to the original complaint, and it is only distinguishable because it adds more LVMPD officers as defendants. (*Id.*). Most pertinent to this matter, plaintiff asserts his cause of action for negligent training, supervision, and retention against LVMPD only, just as he did in the original complaint.

(*Id.*).  On November 15, 2023, defendants filed a duplicative motion for partial dismissal of the amended complaint.  (ECF No. 22).

Amended pleadings supersede the original pleading.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Consequently, filing an amended complaint will ordinarily moot a pending motion to dismiss the original complaint.  *See, e.g.*, *MMG Ins. Co. v. Podiatry Ins. Co. of Am.*, 263 F. Supp. 3d 327, 331 (D. Me. 2017) ("[t]ypically, this amendment would render the pending motion to dismiss moot."); *Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 (W.D. Wash. Sept. 12, 2016); *Williamson v. Sacramento Mortgage, Inc.*, No. CIV. S-10-2600 KJM, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011).

However, there is an exception to the general rule.  When the amended complaint is substantially identical to the original complaint, the court can adjudicate the pending motion to dismiss as it pertains to the amended complaint.  *Mata-Cuellar v. Tennessee Dep't of Safety*, No. 3:10-0619, 2010 WL 3122635, at *2 (M.D. Tenn. Aug. 6, 2010).

As stated, *supra*, the amended complaint is identical to the original complaint: it merely adds parties to the action, and plaintiff's claim for negligent training, supervision, and retention is asserted against LVMPD only, not any of the added defendants.  Accordingly, the court may adjudicate the original motion to dismiss in relation to the amended complaint.  *See id*.

B.  Factual issues

Defendants aver that the court should dismiss plaintiff's cause of action for negligent training, supervision, and retention because they enjoy discretion immunity from the claim, which is a state law tort.

Here, plaintiff's negligent training and retention claim is based in state law.  "It is well established that a state court's interpretation of its statutes is binding on the federal courts unless

**James C. Mahan
U.S. District Judge**

- 5 -

a state law is inconsistent with the federal [c]onstitution." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1012 (9th Cir. 2004) (citing *Adderley v. Florida*, 385 U.S. 39, 46 (1966)); *see also* 28 U.S.C. § 1652.

Nevada has waived its general state immunity under Nevada Revised Statutes ("NRS") § 41.031. The state's waiver of immunity is not absolute; the state has retained a "discretionary function" form of immunity for officials exercising policy-related or discretionary acts. *See* NRS 41.032.[2] Nevada adopted the Supreme Court's *Berkovitz-Gaubert* two-part test regarding discretionary immunity, meaning "Nevada's discretionary-function immunity statute mirrors the Federal Tort Claims Act." *Martinez v. Maruszczak*, 168 P.3d 720, 727 (Nev. 2007).

Thus, public entities are immune from suit for discretionary functions, but can be held liable for operational functions. *See id.* at 727 ("decisions made in the course of operating the project or endeavor were deemed non-discretionary and, thus, not immune under the discretionary-function exception, as those decisions [are] viewed as merely operational."); *Andolino v. State*, 624 P.2d 7, 9 (Nev. 1981) ("[the state] may be sued for operational acts, but maintains immunity for policy or discretionary ones.").

Accordingly, state actors are entitled to discretionary-function immunity under NRS 41.032 if their decision "(1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." *Martinez*, 168 P.3d at 729. "To come within the discretionary function exception, the challenged decision need not actually be

---

[2] Title 12 of NRS, states, in relevant part, that no action may be brought against a state officer or official that is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions . . . whether or not the discretion involved is abused." NRS 41.032(2).

James C. Mahan
U.S. District Judge

- 6 -

grounded in policy considerations so long as it is, by its nature, susceptible to a policy analysis." *Vickers v. United States*, 228 F.3d 944, 950–51 (9th Cir. 2000).

However, "federal courts applying the *Berkovitz-Gaubert* test must assess cases on their facts, keeping in mind Congress' purpose in enacting the exception: to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  *See Martinez,* 168 P.3d at 729 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)) (internal quotation marks omitted).

Defendants assert that the training, supervision, and retention of LVMPD officers is a discretionary act such that they are entitled to immunity by statute.  (ECF No. 4 at 4).  In particular, LVMPD asserts that the training, supervision, and retention of its officers "involves 'personal deliberation, decision and judgment' rather than 'obedience to order, or the performance of a duty in which the [defendant] is left no choice of his own.'" (quoting *Sandoval v. Las Vegas Metro Police Dep't*, 756 F.3d 1154, 1168 (9th Cir. 2014).  (ECF No. 15 at 2).  Consequently, LVMPD posits that decisions relating to training, supervision, and retention of employees are always entitled to immunity.

The Ninth Circuit established that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield."  *Vickers* 228 F.3d at 950.  The Nevada Supreme Court affirmed this view in *Paulos v. FCH1*, 456 P3d 589, 595 (2020) (finding that Nevada's discretionary-function immunity under NRS 41.032(2) barred plaintiffs' claims for negligent hiring, training, and supervision against LVMPD).

**James C. Mahan**
**U.S. District Judge**

In *Paulos*, the court specifically analyzed discretionary immunity under the *Berkovitz-Gaubert* test. *Id*. The court held that LVMPD's decision to hire and train an officer involved a sufficient element of choice and the department's decisions governing the training process are reasonably subject to policy analysis, thus satisfying both prongs of the *Berkovitz-Gaubert* test. *Id*.

The court was persuaded by that reasoning in a case that strongly mirrors the instant matter. *See Wells v. City of Las Vegas*, No. 2:21-cv-01346-JCM-EJY, 2022 WL 4625988, at *3 ("LVMPD's authority over its hiring and training procedures involves a sufficient amount of discretion and decision making, such that it exceeds the label of operational functions.") (internal citation omitted).

"Moreover, a law enforcement agency's governance over its own hiring and training procedures is certainly subject to policy analysis, thus meeting prong two of the test." *Id.*; *see Paulos*, 136 Nev. at 595 (finding that LVMPD's decision to train officers to avoid detaining suspects on hot asphalt in the summer to be subject to policy analysis); *Vickers*, 228 F.3d at 950. As defendants state in their reply, there is no need for the court to depart from this precedent.

In his response, plaintiff contends that even if the decisions about how to train and supervise were considered discretionary, defendants would not be entitled to discretionary act immunity because it does not apply to actions taken in bad faith. (ECF No. 14 at 7). Plaintiff offers no specific facts to show bad faith on the part of defendants, and case law contradicts his position. *See Falline v. GNLV Corp*., 823 P.2d 888, 891-92 n.3 (Nev. 1991) (holding in its distinction between abuse of discretion, which triggers immunity, and bad faith, which does not, that "bad faith, on the other hand, involves an implemented attitude that completely transcends the circumference of authority granted the individual or entity."). In other words, an act of bad faith

**James C. Mahan**
**U.S. District Judge**

- 8 -

has no rational relationship to the duties of the officer.  That cannot be said of the conduct alleged here.

The weight of precedent barring negligent training, supervision, and retention claims against state actors under NRS 41.032 is persuasive. The court finds employee training, supervision, and retention appropriately fall under Nevada's discretionary immunity under NRS 41.032.  Therefore, the court dismisses this claim against defendants.

### IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Las Vegas Metropolitan Police Department, Officer Timothy Nye, Officer George Ajam, and Officer Gene Wolfanger's original motion for partial dismissal of plaintiff Travis Nutsch's complaint (ECF No. 4) be, and the same hereby is, GRANTED.

The cause of action for negligent training, supervision, and retention is dismissed from the amended complaint (ECF No. 18).

IT IS FURTHER ORDERED that defendants' second motion for partial dismissal of plaintiff's amended complaint (ECF No. 22) is DENIED AS MOOT.

DATED November 20, 2023.

_____
UNITED STATES DISTRICT JUDGE